**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

|                                |   |                              |
|--------------------------------|---|------------------------------|
| VICTOR L. HARRIS,              | : |                              |
|                                | : | Civil Action No. 12-7191(NLH)|
|            Plaintiff,          | : |                              |
|                                | : |                              |
|        v.                      | : | **OPINION**                  |
|                                | : |                              |
| NEW JERSEY STATE TROOPER       | : |                              |
| J.B. ZYSKOWSKI,                | : |                              |
|                                | : |                              |
|            Defendant.          | : |                              |

**APPEARANCES:**

Victor L. Harris
CEC Chester (117)
201 East 12th Street
Chester, PA 19013
    Plaintiff pro se

Randy Miller, Esq.
Deputy Attorney General
State of New Jersey
Department of Law & Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ  08625
    Counsel for Defendant

**HILLMAN**, District Judge

Presently before the Court is the Motion [7] of Defendant State Trooper J. B. Zyskowski to dismiss the Complaint against him alleging false arrest, malicious prosecution, and abuse of

1

process. For the reasons set forth below, the Motion will be granted in part and denied in part.

## I. BACKGROUND

This matter was originally opened to the Court by Plaintiff Victor L. Harris's submission of a civil rights complaint asserting claims arising out of the circumstances surrounding his arrest on December 9, 2011, and subsequent confinement and prosecution. The allegations of the Complaint are accepted as true for purposes of deciding the Motion to dismiss.

Plaintiff alleges that on December 9, 2011, he was confined in a halfway house in anticipation of his release from service of a criminal sentence. He signed out of the halfway house to go to a job interview. On the way back to the halfway house, he pulled his car over on the shoulder of Interstate 295 to make a phone call. Defendant New Jersey State Trooper J. B. Zyskowski pulled behind Plaintiff's car and asked him if he had a problem, to which Plaintiff responded that he did not. Trooper Zyskowski then advised Plaintiff that he was not permitted to stop on the shoulder of the Interstate highway and asked Plaintiff for his driver's license and vehicle registration; Plaintiff complied with this request.

Plaintiff states that Trooper Zyskowski went back to his own vehicle and then returned, asking Plaintiff to step out of his car and advising him of an outstanding 2003 warrant for

Plaintiff's arrest on harassment charges. Plaintiff replied that those charges had been dismissed, as evidenced by the fact that he had been moved from prison to a halfway house in anticipation of release. Nevertheless, Plaintiff contends that Trooper Zyskowski responded that he was taking Plaintiff into the state police station because the warrant was on the Trooper's computer.[1]

Plaintiff asserts that, at the station, he asked Trooper Zyskowski to check the NCIC[2] database, to show there was no pending warrant, and asked him to call the halfway house, also, to verify that no warrants were pending. According to Plaintiff, Trooper Zyskowski did run an NCIC check, which showed

---

[1] The Complaint does not allege what database Trooper Zyskowski was using. In his Brief in support of the Motion to dismiss, Trooper Zyskowski contends that he " was informed by dispatch that Harris had an active ACS ("Automated Complaint System") warrant out of Mount Holly, Burlington County, New Jersey." (Motion at 2.)

[2] The Court construes Plaintiff's reference to the "NCIC database" as a reference to the database maintained by the National Crime Information Center.

> The National Crime Information Center is a computerized database of criminal justice information available to law enforcement agencies nationwide. It was designed to help law enforcement locate fugitives and stolen property. As such, the national index includes records on wanted persons and information on stolen property, including vehicles. Today it also contains information on missing persons, unidentified persons, people believed to pose a threat to the President, foreign fugitives, and related areas.

State v. Sloane, 193 N.J. 423, 433 (2008) (citations omitted).

no pending warrants, but he refused to call the halfway house, and he also refused to permit Plaintiff to place a call. Instead, he told Plaintiff he would be sent to the Burlington County Jail and he could make a telephone call there.

Plaintiff does not allege that Trooper Zyskowski had any further involvement in the events that transpired from there, including the alleged refusal of Burlington County Jail staff to permit Plaintiff to make a telephone call, a mix-up about Plaintiff's name that permitted an inmate with a similar name to be released on bail instead of Plaintiff, and Plaintiff's confinement for approximately eight months before the charges were dropped.

Plaintiff asserts that Trooper Zyskowski is liable to him for false arrest, malicious prosecution, and abuse of process. He seeks declaratory relief as well as compensatory and punitive damages. Trooper Zyskowski has filed a Motion [7] to dismiss the Complaint on various grounds.

This Court has considered the Motion and the submissions of the parties and will decide the Motion on the briefs, pursuant to Federal Rule of Civil Procedure 78(b).

## II. JURISDICTION

This Court exercises subjection matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), in that the Complaint alleges federal civil rights claims under 42

4

U.S.C. § 1983.  See Max v. Republican Comm. of Lancaster County, 587 F.3d 198, 199 n.1 (3d Cir. 2009).  This Court exercises supplemental jurisdiction over any pendent state law tort claims under 28 U.S.C. § 1367.

III. DISMISSAL FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a claim in a civil action for "failure to state a claim upon which relief can be granted."  In addition, this Court must dismiss, at any time, certain in forma pauperis and prisoner actions that fail to state a claim.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).  See also Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give

5

the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to state a claim for relief. Next, we peel away those

> allegations that are no more than conclusions and thus
> not entitled to the assumption of truth. Finally, we
> look for well-pled factual allegations, assume their
> veracity, and then "determine whether they plausibly
> give rise to an entitlement to relief." This last
> step is "a context specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense."

Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

In his Complaint, Plaintiff does not specify whether he is suing Trooper Zyskowski in his official or individual capacity, or both. He does state that he seeks declaratory relief as well as monetary damages. Trooper Zyskowski seeks dismissal of all claims pursuant to the Eleventh Amendment to the U.S. Constitution.

The Eleventh Amendment provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment also bars suits against state officials, in their official capacity. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990) (citing Kentucky v. Graham, 473 U.S. 159, 165-68 (1985)). The Eleventh Amendment does not, however, bar suits for damages against state officials in their individual or personal capacity, as such actions seek recovery against the personal assets of the defendant and the state is not the real party in interest. Melo, 912 F.2d at 635 (citing Graham). In addition, the Eleventh Amendment does not bar suits against state officials for declaratory or injunctive relief. See Ex Parte Young, 209 U.S. 123 (1908), cited in Melo, 912 F.2d at 635 n.5.

Section 1983 does not override a state's Eleventh Amendment

immunity.  Quern v. Jordan, 440 U.S. 332 (1979).  See also Hurst v. City of Rehoboth Beach, 288 F.App'x 20, 24-25 (3d Cir. 2008) (citing Edelman, Pennhurst, and Quern).

Here, Trooper Zyskowski asserts that the Complaint must be construed as asserting claims against him in his official capacity, only, and that it is therefore dismissible in its entirety, because the claims asserted arise from "actions in his official capacity in the furtherance of the policies and procedures of the State Police."  (Brief [9] in support of Motion to Dismiss at 12-13.)  This argument, however, misconstrues the nature of official and individual capacity suits.  Action taken under color of state law is, as noted above, a necessary element of any § 1983 suit.  Nevertheless, "[i]t does not follow that every time a public official acts under color of state law, the suit must of necessity be one against the official in his or her official capacity." Melo, 912 F.2d at 636 (citing Graham).  Instead, so long as Plaintiff seeks recovery from Trooper Zyskowski's personal assets, he can proceed against him in an individual capacity for actions taken as a state official.  See generally Melo 912 F.2d at 634-37.

In his Response [10] in opposition to the Motion to dismiss, Plaintiff correctly argues that he is entitled to proceed against Trooper Zyskowski, in his official capacity, for declaratory relief and against him, in his individual capacity,

for damages.  Accordingly, the request to dismiss Plaintiff's claims on Eleventh Amendment grounds will be granted only to the extent that the Complaint could be construed as seeking damages from Trooper Zyskowski in his official capacity, and will be denied in all other respects.

B.  False Arrest

Trooper Zyskowski seeks dismissal of the false arrest claim on grounds that the Complaint fails to state a claim for false arrest or, in the alternative, on grounds of qualified immunity.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Berg v. County of Allegheny, 219 F.3d 261, 268-69 (3d Cir. 2000) (collecting cases), cert. denied, 531 U.S. 1072 and 531 U.S. 1145 (2001); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements:  "(1) that there was an arrest; and (2) that the arrest was made without probable cause."  James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) and Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)).

Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002) (citing Beck v. State of Ohio, 379 U.S. 89, 91 (1964)). Specifically relevant here, a mistaken belief regarding the existence or validity of a warrant cannot supply probable cause for arrest.[3] See, e.g., Whitely v. Warden, 401 U.S. 560 (1970) (holding that an erroneously issued warrant cannot provide probable cause); Berg, 219 F.3d at 270-71 (same) (citing Whitely); Rogers v. Powell, 120 F.3d 446 (3d Cir. 1997) (finding that oral and inaccurate information provided by a probation officer that an arrest warrant has been issued does not establish probable cause for arrest). See also Murray v. City of Chicago, 634 F.2d 365, 366 (7th Cir. 1980) (holding that, where police department or clerk's office had failed to transmit order quashing warrant, "[i]t seems clear that [plaintiff] sustained a violation of constitutional rights by being arrested and detained pursuant to an invalid warrant"), cited in Berg, 219 F.3d at 271. See also Lav Aing v. City of Philadelphia, Civil No. 06-0075, 2007 WL 603002 (E.D. Pa. Feb. 23, 2007)

---

[3] Plaintiff acknowledges this well-established principle. (Brief in support of Motion at 9.)

11

(following Berg and holding that arresting officer's mistaken reliance on erroneous NCIC report of outstanding warrant does not provide probable cause for arrest). Cf. Cincerella v. Egg Harbor Twp. Police Dept., Civil No. 06-1183, 2009 WL 792489, *4 (D.N.J. Mar. 23, 2009) (distinguishing Berg and Murray and finding probable cause where arrest warrant for unpaid child support was properly issued and reflected in NCIC, but was vacated (because child support obligations had been satisfied) after arrest). Accordingly, Plaintiff's allegation that Trooper Zyskowski arrested him in reliance on an incorrect report of an outstanding warrant is sufficient to state a claim for arrest without probable cause in violation of the Fourth Amendment.

Nevertheless, Trooper Zyskowski argues that he is entitled to qualified immunity.

> "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" "We do not require a case directly on point" before concluding that the law is clearly established, "but existing precedent must have placed the statutory or constitutional question beyond debate."

Stanton v. Sims, 134 S.Ct. 3, 4 (2013) (citations omitted). This is "a question of law that is exclusively reserved for the court." Curley v. Klem, 499 F.3d 199, 211 n.12 (3d Cir. 2007).

12

However, "when qualified immunity depends on disputed issues of fact, those issues must be determined by the jury." Monteiro v. City of Elizabeth, 436 F.3d 397, 405 (3d Cir. 2006) (citing, inter alia, Johnson v. Jones, 515 U.S. 304, 313 (1995))

To determine whether the right was clearly established, a court must examine, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001) (emphasis added) (citation omitted). Thus, courts have generally extended qualified immunity "to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." Berg, 219 F.3d at 273 (collecting cases), cited in Adams v. Officer Eric Selhorst, 449 F.App'x 198, 202 (3d Cir. 2011).

> Nevertheless, an apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances. Such circumstances include, but are not limited to, other information that the officer possesses or to which he has reasonable access, and whether failing to make an immediate arrest creates a public threat or danger of flight.

Berg, 219 F.3d at 273 (citations omitted).

Here, according to the allegations of the Complaint, Trooper Zyskowski was in possession of conflicting information regarding the existence of the warrant from two different law enforcement computerized databases, the alleged warrant dating

13

from 2003 (eight years before the arrest).  Plaintiff explained that the charges had been dropped and supported that with an explanation that he was currently in a halfway house, a placement that would not be permitted if any warrants remained outstanding.  Further, Plaintiff suggested that Trooper Zyskowski confirm that with a call to the halfway house.  Plaintiff alleges that Trooper Zyskowski took no action to resolve the discrepancy between the two law enforcement databases.  In support of his Motion to dismiss, however, Trooper Zyskowski asserts that he possessed additional information regarding Plaintiff's violent nature, history of drug abuse, and his "nervous and incoherent" behavior at the time of arrest.  This Court has no information regarding the reliability of either of the computerized databases, the time of day of the arrest or the ability of Trooper Zyskowski to confirm the existence of the warrant at the time of arrest, or any other factors that might have influenced Trooper Zyskowski's actions.

This Court is not prepared to hold, as a matter of law, that Trooper Zyskowski's behavior was reasonable under the circumstances as pled in the Complaint.  Accordingly, it will deny the Motion to dismiss on qualified immunity grounds, without prejudice to Trooper Zyskowski raising the issue in a properly supported motion for summary judgment or as a defense

at trial, where disputed issues of fact can be resolved.[4]

C.  <u>Malicious Prosecution</u>

Plaintiff also asserts a claim against Trooper Zyskowski for malicious prosecution. This Court will exercise its authority under 28 U.S.C. §§ 1915 and 1915A to screen and dismiss this claim.

In order to state a § 1983 claim of malicious prosecution in violation of the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, and that there has been some deprivation of liberty consistent with a seizure. <u>See</u> <u>Johnson v. Knorr</u>, 477 F.3d 75, 81-85 (3d Cir. 2007); <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 221-22 (3d Cir. 1998).[5] Under New Jersey law, the common

---

[4] The Court emphasizes that it is deciding this issue based solely on the allegations of the Complaint, as it must in the context of a motion to dismiss, and it cannot consider the factual disputes raised in Trooper Zyskowski's motion, which asserts facts outside of the Complaint, is not supported by any affidavit or other evidence, and is not presented as a motion for summary judgment following an opportunity for discovery. <u>Cf.</u>, <u>e.g.</u>, <u>Ortiz v. Jordan</u>, 131 S.Ct. 884, 891-93 (2011) (describing the difference between qualified immunity claims that raise "'purely legal' issues capable of resolution 'with reference only to undisputed facts,'" including those which depend upon "the determination of what law was 'clearly established' at the time the defendant acted," and those which involve factual contests about "what occurred, or why an action was taken or omitted").

[5] In <u>Gallo</u>, the Court noted that prosecution without probable cause probably is not, in and of itself, a constitutional tort based on a violation of substantive due process. "Instead, the constitutional violation is the deprivation of liberty

15

law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff. Lind v. Schmid, 67 N.J. 255, 262 (1975). See also Johnson v. Knorr, 477 F.3d at 81-82.

Here, Plaintiff has pleaded no facts that would suggest that Trooper Zyskowski instituted any criminal action against Plaintiff. To the contrary, Plaintiff has alleged that Trooper Zyskowski arrested him based upon some information that an arrest warrant had been issued. In addition, there are no facts from which "malice" could be inferred. Accordingly, this claim will be dismissed without prejudice.

D. Abuse of Process

Plaintiff also asserts a claim against Trooper Zyskowski for abuse of process. This Court will exercise its authority under 28 U.S.C. §§ 1915 and 1915A to screen and dismiss this claim.

In contrast to a section 1983 claim for malicious

---

accompanying the prosecution," which raises a claim of violation of the Fourth Amendment right not to be subjected to unreasonable seizures. It is for this reason that a claim for malicious prosecution must include an allegation that there was a seizure within the meaning of the Fourth Amendment. 161 F.3d at 222 (citing Albright v. Oliver, 510 U.S. 266 (1994)).

16

> prosecution, a section 1983 claim for malicious abuse
> of process lies where "prosecution is initiated
> legitimately and thereafter is used for a purpose
> other than that intended by the law." Jennings v.
> Shuman, 567 F.2d 1213, 1217 (1977).

Rose v. Bartle, 871 F.2d 331, 350 n.17 (3d Cir. 1989), quoted in Boldrini v. Wilson, No. 13-1812, 2013 WL 5663874, *3 n.1 (3d Cir. 2013).

Here, there is no factual allegation that could be construed as an allegation that Trooper Zyskowski utilized the prosecution against Plaintiff for any illegitimate purpose. Cf. Dunne v. Township of Springfield, 500 F.App'x 136 (3d Cir. 2012) (affirming lower court grant of summary judgment where record was "utterly devoid" of allegations or evidence of improper or abusive purpose). Accordingly, this claim will be dismissed without prejudice.

E.  Pendent State Law Claims

Finally, Trooper Zyskowski seeks dismissal of all tort claims for failure to comply with the procedural notice requirement of the New Jersey Tort Claim Act, N.J.S.A. 59:8-3 et seq. In response, Plaintiff has stated that he is asserting only federal constitutional claims, pursuant to 42 U.S.C. § 1983, that are not governed by the procedural requirements of the New Jersey Tort Claims Act.

As Plaintiff has clarified that he does not seek to impose liability against Trooper Zyskowski on any basis other than

federal law, this Court agrees that the requirements of the New Jersey Tort Claim Act do not apply to this action. See <u>Tice v. Cramer</u>, 133 N.J. 347, 375 (1993), cited in <u>Figueroa v. City of Camden</u>, Civil Action No. 09-4343, 2012 WL 3756974, *7 (D.N.J. Aug. 28, 2012).

V. <u>CONCLUSION</u>

For the reasons set forth above, the Motion [7] to dismiss will be denied in part and granted in part. The damages claim for false arrest will be permitted to proceed against Trooper Zyskowski in his individual capacity, only; the claim for declaratory relief may proceed against Trooper Zyskowski in both his official and individual capacities. This Court will *sua sponte* dismiss the claim for malicious prosecution and abuse of process, for failure to state a claim.

An appropriate order follows.

At Camden, New Jersey          s/ Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge
Dated: December 18, 2013