```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
                                    :
VICTOR L. HARRIS,                   :
                                    :
        Plaintiff,                  :   Civ. No. 12-7191 (NLH)
                                    :
    v.                              :   OPINION
                                    :
NEW JERSEY STATE TROOPER            :
    J.B. ZYSKOWSKI,                 :
                                    :
        Defendant.                  :
_____:

APPEARANCES:
Victor L. Harris
629 Greenwood Ave.
Trenton, NJ 08609
    Plaintiff, pro se

Randy Miller
State of New Jersey Department of Law & Public Safety
25 Market St.
P.O. Box 112
Trenton, NJ 08625
    Counsel for Defendant


HILLMAN, District Judge

    This matter comes before the Court by way of a second motion to dismiss (ECF No. 55) by Defendant seeking dismissal of Plaintiff's sole remaining claim.  Plaintiff did not file a response.  The Court decides this matter pursuant to Federal Rule of Civil Procedure 78.

    For the reasons that follow, Defendant's motion will be GRANTED and the case will be closed.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about November 15, 2012, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 asserting claims relating to his arrest on December 9, 2011. (ECF No. 1). The factual allegations of the Complaint are summarized in this Court's December 18, 2013 Order. In relevant part,

> Plaintiff alleges that on December 9, 2011, he was confined in a halfway house in anticipation of his release from service of a criminal sentence. He signed out of the halfway house to go to a job interview. On the way back to the halfway house, he pulled his car over on the shoulder of Interstate 295 to make a phone call. Defendant New Jersey State Trooper J. B. Zyskowski pulled behind Plaintiff's car and asked him if he had a problem, to which Plaintiff responded that he did not. Trooper Zyskowski then advised Plaintiff that he was not permitted to stop on the shoulder of the Interstate highway and asked Plaintiff for his driver's license and vehicle registration; Plaintiff complied with this request.
>
> Plaintiff states that Trooper Zyskowski went back to his own vehicle and then returned, asking Plaintiff to step out of his car and advising him of an outstanding 2003 warrant for Plaintiff's arrest on harassment charges. Plaintiff replied that those charges had been dismissed, as evidenced by the fact that he had been moved from prison to a halfway house in anticipation of release. Nevertheless, Plaintiff contends that Trooper Zyskowski responded that he was taking Plaintiff into the state police station because the warrant was on the Trooper's computer.
>
> Plaintiff asserts that, at the station, he asked Trooper Zyskowski to check the NCIC database, to show there was no pending warrant, and asked him to call the halfway house, also, to verify that no warrants were pending. According to Plaintiff, Trooper

2

> Zyskowski did run an NCIC[1] check, which showed no pending warrants, but he refused to call the halfway house, and he also refused to permit Plaintiff to place a call. Instead, he told Plaintiff he would be sent to the Burlington County Jail and he could make a telephone call there.
>
> Plaintiff does not allege that Trooper Zyskowski had any further involvement in the events that transpired from there, including the alleged refusal of Burlington County Jail staff to permit Plaintiff to make a telephone call, a mix-up about Plaintiff's name that permitted an inmate with a similar name to be released on bail instead of Plaintiff, and Plaintiff's confinement for approximately eight months before the charges were dropped.

(Order 2-4, December 18, 2013, ECF No. 12) (footnote omitted).

Plaintiff asserted claims against Trooper Zyskowski for false arrest, malicious prosecution, and abuse of process.

On May 23, 2013, Defendant filed a Motion to Dismiss (ECF No. 7), which the Court granted in part and denied in part on December 18, 2013 (ECF No. 12).  Specifically, only the damages

---

[1] The Court construes Plaintiff's reference to the "NCIC database" as a reference to the database maintained by the National Crime Information Center.

> The National Crime Information Center is a computerized database of criminal justice information available to law enforcement agencies nationwide. It was designed to help law enforcement locate fugitives and stolen property. As such, the national index includes records on wanted persons and information on stolen property, including vehicles. Today it also contains information on missing persons, unidentified persons, people believed to pose a threat to the President, foreign fugitives, and related areas.

State v. Sloane, 193 N.J. 423, 433 (2008) (citations omitted).

claim for false arrest was permitted to proceed against Defendant, in his individual capacity; and only the claim for declaratory relief was permitted to proceed against Defendant in both his official and individual capacities.  This Court also <u>sua sponte</u> dismissed Plaintiff's claims for malicious prosecution and abuse of process for failure to state a claim.

On December 31, 2013, Defendant filed an Answer to the Complaint and the case progressed.  On December 4, 2014, the case was administratively terminated to afford attorney Gregg L. Zeff time to evaluate the case and decide whether he would enter an appearance on behalf of Plaintiff, who had been proceeding <u>pro se</u>. (ECF No. 38).  Ultimately, attorney Gregg Zeff decided to decline representation of Plaintiff.  Accordingly, on January 28, 2015, the Court reopened the case and directed that it should resume its regular course. (ECF No. 42).

Defendant then moved for Summary Judgment and asserted that he is entitled to qualified immunity as a matter of law. (ECF No. 49).  The motion went unopposed.  In an Order dated March 28, 2016 (ECF No. 52), this Court granted Defendant's motion.  Specifically, this Court found that Defendant was entitled to qualified immunity on the claims against him in his individual capacity; and the Court granted Defendant's request for summary judgment as to Plaintiff's false arrest and declaratory relief claims against Defendant in his individual capacity.  However,

4

because Defendant's motion failed to address Plaintiff's claim for declaratory relief against Defendant in his official capacity, summary judgment was not appropriate as to that claim and it was permitted to proceed. See (Opinion, Mar. 28, 2016, ECF No. 51).

Defendant has now filed a motion to dismiss Plaintiff's remaining claim for declaratory relief. (ECF No. 55).  Plaintiff has not filed an opposition to the motion.

## II.  STANDARDS OF REVIEW

In his motion, Defendant recites the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

---

[2] When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 (3d Cir. 2014) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3, 104 S. Ct. 1723, 1725, 80 L. Ed. 2d 196 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether

However, the basis for Defendant's motion is that he is entitled to Eleventh Amendment immunity as to Plaintiff's remaining claim.  The Eleventh Amendment imposes explicit limitations on courts' judicial powers and deprives federal courts of jurisdiction to hear certain claims. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S. Ct. 900, 907, 79 L. Ed. 2d 67 (1984).  For that reason, Defendant's challenge is more appropriately raised under Rule 12(b)(1) as a challenge to subject matter jurisdiction. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing Pennhurst) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction. Accordingly, the motion may properly be considered a motion to

---

the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 1952, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'...."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").
   In reviewing a Rule 12(b)(6) motion, a court must only consider the facts alleged in the pleadings, the documents attached to or specifically referenced in the complaint if the claims are based on those documents, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999); In re Bayside Prison Litig., 190 F.Supp.2d 755, 760 (D.N.J. 2002); see also Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007).

dismiss the complaint for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1)."); see also e.g., Love v. New Jersey State Police, No. 14-1313, 2016 WL 3046257, at *8 (D.N.J. May 26, 2016) (holding that because the claims against state officials in their official capacities were barred by the Eleventh Amendment, the court lacked subject matter jurisdiction); Brzozowski v. Pennsylvania Tpk. Comm'n, No. 15-2339, 2016 WL 758329, at *3 (E.D. Pa. Feb. 25, 2016) ("Therefore, Rule 12(b)(1) serves as the proper means by which to challenge the propriety of federal jurisdiction by reason of the Eleventh Amendment.") (citations omitted).

A. Motion to dismiss under Rule 12(b)(1)

Pursuant to the Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter." A motion to dismiss of this type may be asserted at any time in a case. In re Kaiser Group Int'l, Inc., 399 F.3d 558, 565 (3d Cir. 2005). In a motion to dismiss based on subject matter jurisdiction, "the standard . . . is much more demanding [than the standard under 12(b)(6)]." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006); Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

7

There are two types of Rule 12(b)(1) motions: one which presents a facial challenge, and one which presents a factual challenge. See Petruska, 462 F.3d 302 n.3 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). A "facial attack" assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. Mortensen, 549 F.2d at 891. If the defendant's attack is facial, "the Court . . . may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ., 563 F. Supp. 2d 474, 479-80 (D.N.J. 2008) (citing Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983) and Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 438 (D.N.J. 1999)); see also Argueta v. U.S. Immigration & Customs Enforcement, No. 08-1652, 2009 WL 1307236, at *11 (D.N.J. May 7, 2009).

Here, Defendant asserts a facial attack pursuant to Fed. R. Civ. P. 12(b)(1). Namely, he contends that based on the allegations of the Complaint, he is entitled to immunity under the Eleventh Amendment and, thus, this Court is without jurisdiction to consider Plaintiff's claim.

III. DISCUSSION

As set forth above, the only remaining claim in this action is Plaintiff's claim for declaratory relief against Defendant in his official capacity.

A. Eleventh Amendment Immunity

It is well-established that, absent consent, a suit against a state or one of its instrumentalities in federal court is barred by the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L.Ed.2d 67 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought."). The Supreme Court has held that a suit against state officials in their official capacity is akin to a suit against the state, see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); thus, any claim for money damages brought against state officials in their official capacities is barred by the Eleventh Amendment, see Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 1356, 39 L. Ed. 2d 662 (1974).

However, to the extent that a plaintiff seeks prospective injunctive or declaratory relief against a state official, such claims are not barred. This exception to the general rule of

9

Eleventh Amendment immunity was announced by the Supreme Court in Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908). See also Will, 491 U.S. at 71 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 3106, 87 L. Ed. 2d 114 (1985)) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"); Owens v. Armstrong, No. 15-4911, 2016 WL 1117945 (D.N.J. Mar. 22, 2016) (holding that the Eleventh Amendment does not bar suits that seek prospective injunctive relief to end a violation of federal law by state officials); Obianyo v. Tennessee, No. 12-5320, 2012 WL 6729031, at *2 n.3 (D.N.J. Dec. 28, 2012), aff'd, 518 F. App'x 71 (3d Cir. 2013) (same).

    B. Analysis

In his brief in support of the motion to dismiss, Defendant states that the declaratory relief Plaintiff seeks relates only to Defendant's past acts. (Br. 8, ECF No. 55-3). Because the Complaint fails to identify any ongoing violations which require prospective relief, Defendant concludes that the exception to Eleventh Amendment immunity carved out in Young does not apply in this case. (Id.). This Court agrees.

In his Complaint, Plaintiff seeks a declaration that "the acts and omissions described [in the Complaint] violated

10

plaintiff[']s rights under the [C]onstitution and the laws of the United States." (Compl. 6, ECF No. 1).  The Complaint does not allege any continuing or ongoing violations, and specifically relates only to Defendant's past actions.

Plaintiff is not entitled to a declaratory judgment that Defendant violated federal law in the past.  The Supreme Court has explained that

> Where there is no claimed continuing violation of federal law or any threat of future violation, a declaratory judgment is inappropriate because its purpose could only be to provide a federal judgment on the issue of liability with the hope that it would be res judicata in state-court proceedings, leaving to the state courts only a form of accounting proceeding whereby damages or restitution would be computed. This would be an inappropriate exercise of federal judicial power because it would have much the same effect as an award of damages or restitution, which kinds of relief against States are prohibited by the Eleventh Amendment.

Green v. Mansour, 474 U.S. 64, 64-65, 106 S. Ct. 423, 424, 88 L. Ed. 2d 371 (1985).

Because the remaining claim of the Complaint does not seek prospective relief, and only seeks declaratory relief as to Defendant's past actions, the relief Plaintiff seeks is barred by the Eleventh Amendment. See Green, 474 U.S. at 73; see also, e.g., Capozzi v. Bledsoe, 560 F. App'x 157, 159 (3d Cir. 2014) (holding that petitioner "cannot obtain declaratory relief for past alleged wrongs"); Sheils v. Bucks Cty. Domestic Relations Section, 921 F. Supp. 2d 396, 406 (E.D. Pa. 2013) (holding that

11

plaintiff's claims against state employee in her official capacity failed because state employee enjoyed "Eleventh Amendment immunity from suit for retrospective injunctive and declaratory relief and damages under § 1983"); New Jersey Educ. Ass'n v. New Jersey, No. 11-5024, 2012 WL 715284, at *11 (D.N.J. Mar. 5, 2012) (holding that the relief sought was not prospective in nature and, as a result, was barred by the Eleventh Amendment).  Accordingly, the claim must be dismissed for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted.  Because the Court concludes that allowing Plaintiff to amend his Complaint would be futile, Plaintiff's claim for declaratory relief against Defendant in his official capacity will be dismissed with prejudice.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (a court need not permit a curative amendment if "amendment would be inequitable or futile").  The case will be closed.

An appropriate Order follows.

                                              ____s/ Noel L. Hillman_____
                                              NOEL L. HILLMAN
                                              United States District Judge

Dated: June 30, 2016
At Camden, New Jersey